IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:17-CR-155** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **MILTON MOSLEY** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Before the court is Defendant Milton Mosley's motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. 97.) For the reasons set forth below, the motion will be denied.

## I.   BACKGROUND

On May 10, 2017, a grand jury returned a three-count indictment charging Mosley with possession with intent to distribute cocaine base, felon in possession of a firearm, and possession of a firearm in furtherance of drug trafficking. (*See* Doc. 1.) Mosley was appointed counsel and pled not guilty to all three charges. (Docs. 9–10.) Defense counsel subsequently moved to suppress evidence (Doc. 26), and after full briefing and a hearing, the court denied the motion. (Docs. 37–38.)

On December 4, 2018, following a jury trial, Mosley was convicted of possession with intent to distribute cocaine base and acquitted of the two firearms offenses. (Doc. 75.) The Office of Probation calculated an advisory range of 168 to 210 months of imprisonment under the United States Sentencing Guidelines

("Guidelines"), based on a criminal history category of VI and a total offense level of 30, given Mosley's status as a career offender under § 4B1.1(a) of the Guidelines. (Doc. 78 ¶¶ 18, 37, 62.) Defense counsel objected to the PSR's calculation of drug weight for the offense (*see* Doc. 79) and filed a sentencing memorandum requesting a variance to 120 months based on Mosley's personal characteristics. (Doc. 82 at 8–10.) At the sentencing hearing, the court overruled the objection, accepted the Probation Office's calculation of the applicable Guidelines, and imposed a Guidelines sentence of 168 months of imprisonment. (Doc. 90 at 8:14–21, 17:10–16, 20:21–23.)

Defense counsel subsequently appealed Mosley's conviction, challenging the court's denial of his prior motion to suppress. The Third Circuit affirmed this court's decision, and the Supreme Court denied Mosley's petition for certiorari. *United States v. Mosley*, 805 F. App'x 164, 166 (3d Cir. 2020); *Mosley v. United States*, 141 S. Ct. 2651 (2021).

Mosley now moves to vacate his sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel. Having been fully briefed, this matter is ripe for review.

## II. STANDARD OF REVIEW

A federal prisoner may challenge his sentence or conviction by motion to the sentencing court pursuant to 28 U.S.C. § 2255. To prevail, the petitioner must show

"(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Bates*, No. 3:04-CR-0251, 2008 WL 80048, at *2 (M.D. Pa. Jan. 7, 2008) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). The petitioner generally has the burden of proving by a preponderance of the evidence that he is entitled to relief. *See United States v. Hollis*, 569 F.2d 199, 205 (3d Cir. 1977); *United States v. Ayers*, 938 F. Supp. 2d 108, 112 (D.D.C. 2013); *Pazden v. Maurer*, 424 F.3d 303, 313 (3d Cir. 2005).

The court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021) (quoting 28 U.S.C. § 2255(b)). To determine whether a hearing is appropriate, the court assesses whether the petitioner's nonfrivolous factual claims plausibly establish an entitlement to relief. *Id.* at 334–35. The court is not required to accept or further investigate "vague and conclusory allegations." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

Claims not raised on direct appeal are procedurally defaulted and can only be reviewed if the petitioner demonstrates "(1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998). Claims of ineffective assistance of counsel, by contrast,

3

"may be brought in the first instance by way of a § 2255 motion regardless of whether the movant could have asserted the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

To prove ineffective assistance of counsel, a petitioner must establish that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 691 (1984). The first element requires the petitioner to demonstrate that "counsel's performance was deficient." *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). Proving a deficiency in conduct requires showing "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687). "In assessing counsel's performance, 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id.* (quoting *Strickland*, 466 U.S. at 689). "That is to say, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (quoting *Michel v. Louisiana*, 350 U.S. 91, 101(1955)).

The second element requires the petitioner to show that counsel's performance caused unfair prejudice, or a reasonable probability that, but for

4

counsel's unprofessional error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. It is not enough to show that "the error had some conceivable effect on the outcome of the proceeding, for virtually every act or omission would meet that test." *Id.* at 693. Rather, counsel's conduct must have "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. Put differently, the error must be "so serious as to deprive the defendant of a trial . . . whose result is reliable." *Id.* at 687.

### III.  DISCUSSION

Mosley's first claim contends that defense counsel provided ineffective assistance by failing to object to an "insufficient probable cause affidavit being employed in his case and controversy," and that except for this error, he would have had evidence suppressed or his case dismissed. (Doc. 98 at 4–5.) Mosley's motion does not specify to which affidavit he refers, and his argument does not appear to be grounded in the facts of this case. Because Mosley was charged in an indictment, there was no affidavit filed in support of the charges; moreover, because Mosley was arrested based on officers' contemporary observations, there was no affidavit filed in support of any search or arrest warrant. (Doc. 1; Doc. 78 ¶ 6.) To the extent that Mosley argues that his counsel failed to argue that Mosley's arrest and search violated the Fourth Amendment, the record demonstrates that defense counsel raised

5

the issue in a pretrial motion to suppress and again on appeal. *United States v. Mosley*, No. 1:17-CR-155, 2018 WL 1792222, *3 (M.D. Pa. Apr. 16, 2018) (holding that officers had reasonable suspicion to conduct an investigatory detention; that Mosley gave consent to the search of his vehicle; and that officers had probable cause for his arrest and search), *aff'd*, 805 F. App'x 164, 166 (3d Cir. 2020); *United States of America, Appellee, v. Milton Mosley, Appellant*, 2019 WL 4073514, *11–14. Accordingly, counsel was not deficient for failing to advance an argument as to an insufficient probable cause affidavit, and Mosley's first claim for ineffective assistance of counsel will therefore be denied.

Mosley's motion also alleges that defense counsel failed to object to the PSR in various ways. Specifically, Mosley's second claim avers he would have received a substantially shorter sentence if counsel had objected to the PSR's determination that he was a career offender. (Doc. 98 at 5–6.) Under the Guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Mosley's motion contends that his attorney should have argued that Mosley's two prior convictions for possession with intent to deliver crack cocaine under 35 Pa. C.S. § 780-113(a)(30) were not valid predicate offenses to

6

establish that he was a career offender.[1] Prior to Mosley's April 2019 sentencing, however, the Third Circuit routinely affirmed that convictions under the Pennsylvania statute were valid predicate offenses for a career offender designation. *See, e.g.*, *United States v. Glass*, 904 F.3d 319, 324 (3d Cir. 2018) (holding that 35 Pa. C.S. § 780-113(a)(30) "may serve as a predicate offense to a career-offender enhancement under §4B1.1"); *cf. United States v. Abbott*, 748 F.3d 154, 160 (3d Cir. 2014) (convictions for cocaine-based offenses under § 780-113(a)(30) did not exceed the Armed Career Criminal Act's definition of a "serious drug offense"); *Avila v. Attorney General*, 826 F.3d 662, 668 (3d Cir. 2016) (convictions for cocaine-based offenses under § 780-113(a)(30) are "analogous to the federal felony of possession with intent to distribute" under 21 U.S.C. § 841(a)(1) of the Controlled Substances Act for purposes of the Immigration and Nationality Act).

Defense counsel did not provide ineffective assistance because the state of the law at the time of sentencing did not require a reasonable attorney to argue that Mosley was not a career offender. As a general rule, counsel has no obligation to anticipate a change in the law unless it is clearly foreshadowed. *See Sistrunk v. Vaughn*, 96 F.3d 666, 672 (3d Cir. 1996) (holding that defense counsel's failure to predict a change of law did not constitute ineffective assistance); *United States v.*

---

[1] The record is clear that Mosley was convicted twice under 35 Pa. C.S. § 780-113(a)(30), by pleading guilty to the offense in February 1997 and by jury trial in August 2012. (Doc. 78 ¶¶ 31, 33; Doc. 99-1 at 4–8; Doc. 99-2 at 3.)

7

*Stubbs*, 757 F. App'x 159, 161–62 (3d Cir. 2018) (where trial counsel's "failure to object was consistent with the law at the time of trial," "an attorney cannot be deficient for failing to predict changes in the law"); *see also Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) ("We have repeatedly held that counsel is not ineffective for failing to predict developments in the law, unless they were clearly foreshadowed by existing decisions.").

Moreover, while Mosley argues that he is not a career offender based on the Third Circuit's December 2020 holding in *United States v. Nasir*, 982 F.3d 144, 160 (3d Cir. 2020) (*en banc*) that inchoate crimes do not constitute controlled substances offenses under § 4B1.1, his reliance on *Nasir* is misplaced. Even if Mosley could show that his attorney was ineffective for failing to anticipate this post-sentencing change in the law, *Nasir* is inapplicable because the Third Circuit went on to clarify in *United States v. Dawson*, 32 F.4th 254 (3d Cir. 2022) that the specific Pennsylvania statute under which Mosley was twice convicted is not an inchoate drug crime. 32 F.4th at 260, 267 ("In short, even after *Nasir*, § 780-113(a)(30) remains a career offender predicate."). Thus, *Nasir* provides no basis for relief.

Mosley's second claim additionally implicates this court's recent decision joining a growing consensus of district courts within the Third Circuit in holding that a state drug conviction does not qualify as a predicate offense to the career offender designation in U.S.S.G. § 4B1.2(b) when the state's definition of the

8

controlled substance at the time of the state conviction is broader than the federal definition at the time of the instant offense. *See United States v. Drayton*, No. 1:21-CR-15, Doc. 53 at 1 (M.D. Pa. November 23, 2022) (adopting Judge Wilson's reasoning in *United States v. Baskerville*, No. 1:19-CR-0033, 2022 WL 4536126 (M.D. Pa. Sept. 28, 2022) (holding that Pennsylvania's definition of cocaine is broader than the Controlled Substances Act's definition because unlike its federal counterpart, it criminalizes Iloflupane, and accordingly a conviction under §780-113(a)(30) for possession with intent to distribute cocaine is not a valid predicate offense under § 4B1.2) (collecting supporting district court decisions within the Third Circuit, including *United States v. Miller*, 480 F. Supp. 3d 614, 614 (M.D. Pa. 2020); *United States v. Jamison*, 502 F. Supp. 3d 923 (M.D. Pa. 2020); *United States v. Lewis*, No. 20-583, 2021 WL 3508810 (D.N.J. Aug. 10, 2021); *United States v. Scott*, No. 18-547, 2021 WL 6805797 (D.N.J. Dec. 6, 2021))). At the time of Mosley's sentencing, the circuits were divided on the issue with the weight of authority prohibiting the treatment of such convictions as predicate offenses under U.S.S.G. § 4B1.2(b). *See Miller*, 480 F. Supp. 3d. at 619–20. To date, the Third Circuit has not directly addressed the district courts' interpretation, although an appeal of the issue in *Lewis* is pending. *See United States v. Rivera*, No. 21-3044, 2022 WL 4533837, at *2, n.1 (3d Cir. Sept. 28, 2022) (acknowledging in essence

9

that a decision favorable to the defendant in the pending *Lewis* appeal would reflect a change in the law).

Despite these more recent developments, counsel did not provide ineffective assistance by failing to address the breadth of the Pennsylvania definition at sentencing, as a subsequent change in law was not clearly foreshadowed. Even though, by the time of Mosley's sentencing, other circuit courts had ruled on in his favor on closely related issues, *see, e.g.*, *United States v. Peraza*, 754 F. App'x 908 (11th Cir. 2018); *United States v. Smith*, 681 F. App'x 483, 488–89 (6th Cir. 2017), caselaw from the Third Circuit treated his offenses as valid predicates, *see, e.g.*, *Glass*, 904 F.3d at 324. Mosley does not point to, and the court is not aware of, any cases from within the circuit that would have given his attorney notice of an impending change in law. Mosley's motion therefore does not rebut the presumption that counsel's choice of arguments was sound trial strategy. *See Berryman*, 100 F.3d at 1094. Because counsel's performance was not deficient, Mosley's second claim for ineffective assistance of counsel will be denied.[2]

---

[2] The court's conclusion that Mosley was a career offender under prevailing law at the time of sentencing is fatal to his third claim, in which he alleges that counsel's failure to object to the PSR's drug weight calculation resulted in a higher Guidelines range and sentence. (Doc. 98 at 6–8.) Mosley's attorney did in fact object to the PSR's drug weight calculation (Doc. 79 at 1; Doc. 82 at 3 n.1; Doc. 90 at 12:17–25), and more significantly, because Mosley was found to be a career offender, the drug weight calculation had no effect on his Guidelines calculation and did not otherwise factor into the sentence imposed. *See* USSG § 4B1.1(b)(3). (Doc. 79 at 1; Doc. 90 at 8:14–20, 21:4–22:5.) Therefore, Mosley's third claim of ineffective assistance of counsel will also be denied.

Mosley's fourth claim contends that defense counsel provided ineffective assistance by not objecting to the PSR's failure to specify which of Mosley's prior convictions qualified him as a career offender.[3] (Doc. 98 at 8–9.) As a preliminary matter, Mosley's insinuation that he did not know which prior convictions made him a career offender is unworthy of credence. On a § 2255 motion, the court is not required to accept as true or give further consideration to allegations that are contradicted by the record. *See United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005); *United States v. Schwartz*, 925 F. Supp. 2d 663, 691 (E.D. Pa. 2013). The PSR stated that Mosley was a career offender based on "two prior felony convictions of a controlled substance offense," (Doc. 78 ¶ 18), and in the criminal history section, it described both prior felony drug convictions. (*Id.* ¶¶ 31, 33.) The record demonstrates that, prior to his sentencing, Mosley questioned the validity of his 1997 conviction as a predicate offense based solely on its age.[4] (*See* Doc. 78 ¶ 31.) It

---

[3] Similarly, to the extent that Mosley also asserts that the alleged deficiency in the PSR violated his due process rights, his argument is procedurally defaulted because he did not raise the issue on direct appeal and does not allege any facts to show cause or suggest prejudice. (*See* Doc. 97 at 2.) *See Frady*, 456 U.S. at 168 (requiring a § 2255 claimant raising an issue for the first time on collateral review to show cause for failing to raise the issue on direct appeal and demonstrate that actual prejudice resulted).

[4] Notably, prior to the sentencing hearing, Mosley's attorney contacted the Probation Office to clarify whether the 1997 conviction fell within the fifteen-year look-back period for prior convictions under U.S.S.G. § 4A1.2(e)(1). (Doc. 90 at 3:5–10.) And during the sentencing hearing, the court explained to Mosley that his multiple parole revocations for that offense extended his sentence to within the relevant period. (*Id.* at 9:16–11:15.)

11

stands to reason then that Mosley also had notice that his more recent conviction under the same statute was also a predicate offense. (*See id.* ¶ 33.)

More importantly, setting aside the question of notice, even if Mosley could establish that counsel's failure to object was deficient, there is no reasonable probability that Mosley's sentence ultimately would have been different. If defense counsel had objected, the Probation Office would have identified the two predicate convictions in paragraphs 31 and 33 of the PSR, and at most, the court would have continued the sentencing hearing to permit additional time to prepare a defense. While a continuance reflects "some conceivable effect on the outcome of the proceeding," Mosley's motion fails to allege any error that may have deprived him of a reliable result. *See Strickland*, 466 U.S. at 687, 693. Therefore, Mosley's final claim for ineffective assistance of counsel will also be denied. Because Mosley's motion and the record as a whole demonstrate conclusively that no relief is warranted, the motion will be dismissed without a hearing.

## IV. CONCLUSION

For the reasons explained above, Defendant Milton Mosley's motion to vacate his sentence under 28 U.S.C. § 2255 will be denied. An appropriate order shall follow.

*s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: January 4, 2023